Robert Lee STOKES,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 80–2109.

United States Court of Appeals,
Seventh Circuit.

Argued May 13, 1981.

Decided June 18, 1981.

Rehearing Denied August 14, 1981.

Robert P. Burns, Chicago, Ill., for petitioner-appellant.

Douglas B. Altman, Asst. U. S. Atty., Hammond, Ind., for respondent-appellee.

Before SWYGERT, Circuit Judge, NICHOLS, Judge *, and BAUER, Circuit Judge.

PER CURIAM.

Petitioner-appellant Robert Stokes appeals the denial of his motion to vacate sentence under 28 U.S.C. § 2255. At issue is the propriety of the hearing conducted by the trial court. We reverse and remand for a new evidentiary hearing.

Stokes claimed in his petition that he was incompetent to stand trial, an issue not raised by his trial counsel. A previous appeal in this case required the district court to "consider the advisability of permitting further development of the relevant facts by discovery or otherwise." *Stokes v. United States*, 614 F.2d 775 (7th Cir. 1979) (unpublished order).

The rules promulgated under Section 2255 permit the court to consider sworn affidavits and other methods of discovery. *See e. g.* 28 U.S.C. following § 2255, Rules 5–7. Once a factual dispute has been found to exist, however, an adversary hearing must be held, with counsel. *Id.* at Rule 8. Judge Sharp, however, followed neither route. Instead, Judge Sharp engaged in an unsworn colloquy with Stokes' trial counsel (who did not represent him for this motion) to determine why counsel did not raise the competency issue. Stokes was not repre-

* The Honorable Philip Nichols, Jr., Judge of the United States Court of Claims, is sitting by designation.

sented by counsel at the time of the examination, nor was he allowed to cross-examine his former counsel. Nevertheless, the court heavily relied on the lawyer's representations in making his decision.[1]

■ This *ex parte* hearing did not satisfy section 2255's requirement of an adversary judicial hearing when a factual dispute exists. *United States v. Underwood*, 577 F.2d 157 (1st Cir. 1978), is on all fours with the present case. There the judge relied on an in-chambers conference with the prosecutor and Underwood's trial counsel. We agree with the First Circuit's appraisal that the unsworn representations of counsel are not a substitute for evidence. *Id.* at 159.

■ The court also refused to appoint an independent psychiatrist to examine Stokes. While that alone would not constitute an abuse of discretion, since there must be a new hearing, the court might wish to reconsider its decision in the interest of finality.

We reverse and remand for an evidentiary hearing with counsel for Stokes, pursuant to 18 U.S.C. § 2255. The remand shall be pursuant to Circuit Rule 18.

REVERSED AND REMANDED.

---

1. In his written memorandum, Judge Sharp stated that he relied on "an extensive interview of the defendant's trial counsel" who "unequivocally thought his client to be competent." *Stokes v. United States*, No. H 77–407, memorandum and order (N.D.Ind. July 18, 1980). He considered the attorney's testimony to be of equal weight with his own observations of the petitioner and a court-ordered examination of Stokes.

In his oral ruling, Judge Sharp said his 30-minute interview of trial counsel was "highly significant." The judge said he was "very impressed" with counsel's remark that "he did not feel that even there was the slightest chance that there was an incompetency issue to be raised, so he didn't raise it." Transcript of Proceedings, No. H 77–407 (N.D.Ind. July 10, 1980) at 44.